**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jorge Armando RIOS–LOPEZ,**
**Defendant–Appellant.**

**No. 12–30278.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 8, 2013.*

Filed Nov. 19, 2013.

Alexander C. Ekstrom, Assistant U.S., Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Matthew Campbell, Assistant Federal Public Defender, Federal Public Defender's Office (Eastern WA & ID) Spokane, WA, for Defendant–Appellant.

Before: TASHIMA, GRABER, and MURGUIA, Circuit Judges.

MEMORANDUM **

Defendant Jorge Armando Rios–Lopez appeals the district court's denial of his

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

motion to suppress evidence obtained from the search of a residence and from the GPS-tracking of his cellular telephone. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The magistrate judge's probable cause determination that it was reasonable to seek evidence and contraband in the residence was not clearly erroneous. *See United States v. Gourde,* 440 F.3d 1065, 1069 (9th Cir.2006) (en banc); *United States v. Alvarez,* 358 F.3d 1194, 1203 (9th Cir.2004). Several indicia of reliability supported the informant's hearsay testimony cited in Detective Stohel's affidavit. *See United States v. Rowland,* 464 F.3d 899, 907–08 (9th Cir.2006); *United States v. Angulo–Lopez,* 791 F.2d 1394, 1397 (9th Cir.1986). The affidavit also tied Defendant to the residence and to narcotics sales there. *See United States v. Fernandez,* 388 F.3d 1199, 1254 (9th Cir.2004). Because the magistrate judge had a substantial basis for concluding that probable cause existed, the district court properly denied Defendant's suppression motion. *See Illinois v. Gates,* 462 U.S. 213, 238–39, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

2. Even assuming, without deciding, that the officers' GPS-tracking of Defendant's cellular telephone constituted a search, and that the warrant authorizing this search issued without probable cause, the good-faith exception to the exclusionary rule still applies. Agent Stanley's affidavit established a "colorable argument" for probable cause, and the officers' reliance on the warrant was objectively reasonable. *United States v. Crews,* 502 F.3d 1130, 1136 (9th Cir.2007). Suppression is therefore inappropriate. *See United*

States v. Leon, 468 U.S. 897, 922, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

**AFFIRMED.**